

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Don Addington; John Bostic; Mark Burman; Afshin Iranpour; Roger Velez; Steve Wargocki,

Plaintiffs,

vs.

US Airline Pilots Association; US Airways, Inc.,

Defendants.

No. CV 08-1633-PHX-NVW (consolidated)

**ORDER**

---

Don Addington; John Bostic; Mark Burman; Afshin Iranpour; Roger Velez; Steve Wargocki, et al.,

Plaintiffs,

vs.

Steven Bradford; Paul Diorio; Robert Frear; Mark King; Douglas Mowery; John Stephan, et al.,

Defendants.

CV08-1728-PHX-NVW

---

Plaintiff pilots (the "West Pilots") brought this class action against USAPA alleging that USAPA breached its duty of fair representation. The fuller context of this lawsuit has been explained in previous orders of this Court and needs no repetition here. *See, e.g.*, *Addington v. USAPA*, No. CV-08-1633-PHX-NVW, 2008 WL 5000133 (D. Ariz. Nov. 20, 2008) [Doc. # 84]. The West Pilots now move to compel production of "all documents and

materials created before September 4, 2008, that are related to [USAPA's] legal representation." [Doc. # 106.] The West Pilots urge that these materials are not privileged in the context of this suit under *Garner v. Wolfinbarger*, 430 F.2d 1093 (5th Cir. 1970). Alternatively, the West Pilots argue that USAPA waived the privilege as to some of these materials by publicizing an opinion letter that its counsel had drafted. Because neither of these contentions has merit, the motion will be denied.

### A. The *Garner* Exception

In *Garner*, the Fifth Circuit held that sometimes a corporate defendant in a shareholder derivative suit may not invoke the attorney-client privilege. *Id.* at 1103. Plaintiff shareholders in such an action may block the assertion of privilege on a showing of good cause. *Id.* at 1103-04. Some courts have adopted this *Garner* exception and extended it to the union context, *see, e.g.*, *Arcuri v. Trump Taj Mahal Assocs.*, 154 F.R.D. 97, 105-06 (D.N.J. 1994), but it is unclear whether this Court is at liberty to follow suit. In *Weil v. Investment/Indicators Research & Management, Inc.*, the Ninth Circuit rejected an attempt to extend the *Garner* exception, stating that "[the plaintiff] is not currently a shareholder of the [defendant] Fund, and her action is not a derivative suit." 647 F.2d 18, 23 (9th Cir. 1981). The court also noted that unlike a derivative suit, the action did not seek damages on behalf of the corporation. Rather, it sought damages from the corporation itself on behalf of the plaintiff and members of a class. *Id.*

It is possible that *Weil* does not set up a bright-line rule against applying the *Garner* exception in the union context. Its language may support more than one interpretation, and the issue may not have been "presented for review" so as to determine the question in a precedential sense. *See Barapind v. Enomoto*, 400 F.3d 744, 750-51 (9th Cir. 2005) (en banc) (per curiam). On the other hand, other district courts have read *Weil* as limiting *Garner* to shareholder suits. *See, e.g.*, *Arcuri*, 154 F.R.D. at 106 (stating that the Ninth Circuit "has expressly limited its holding to shareholder derivative suits"); *Aguinaga v. John Morrell & Co.*, 112 F.R.D. 671, 678 (D. Kan. 1986) (describing *Weil* as "refus[ing] to apply *Garner* outside the context of shareholder derivative litigation").

Either way, today it is unnecessary to decide whether this aspect of *Weil* is binding or persuasive. Even if the *Garner* exception applies, the West Pilots cannot prevail because they have not made a showing of "good cause."[1] The "good cause" standard requires examination of a helpful list of practical factors:[2]

> [1] the number of shareholders and the percentage of stock they represent; [2] the bona fides of the shareholders; [3] the nature of the shareholders' claim and whether it is obviously colorable; [4] the apparent necessity or desirability of the shareholders having the information and the availability of it from other sources; [5] whether, if the shareholders' claim is of wrongful action by the corporation, it is of action criminal, or illegal but not criminal, or of doubtful legality; [6] whether the communication related to past or to prospective actions; [7] whether the communication is of advice concerning the litigation itself; [8] the extent to which the communication is identified versus the extent to which the shareholders are blindly fishing; [9] the risk of revelation of trade secrets or other information in whose confidentiality the corporation has an interest for independent reasons.

*Garner*, 430 F.2d at 1104. In this case, most of these factors tilt strongly against the West Pilots. The West Pilots (including the proposed Plaintiff class) do not represent all, close to all, or even most of the union membership. Their action is not one on behalf of the union or its membership; the West Pilots are adverse to the union, and their suit may have an adverse effect on the seniority rights of the other union members. *See Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1416 (11th Cir. 1994) (requiring identity of interests between plaintiffs and non-plaintiff union members in applying *Garner* exception). The West Pilots have shown no necessity for this particular discovery beyond a raw thirst for information. USAPA has made no secret of its agenda. There is no suggestion that criminal or otherwise illegal behavior lurks within the union's alleged breach. Finally, the West Pilots demonstrate no specific sense of what they hope to find through this discovery; they appear to be "blindly fishing." The absence of trade secrets,

---

[1] Contrary to the West Pilots' assertion, USAPA did contest this issue in its brief. [*See* Doc. # 167 at 5, n.8.]

[2] The Ninth Circuit may have adverted to this type of ad hoc approach when it contrasted the structure of the *Weil* suit with the structure of most derivative actions, at the same time noting *Garner*'s "holding and policy rationale." *See Weil*, 647 F.2d at 23.

the bona fide union membership of the West Pilots, and the possible soundness of the West Pilots' claims are not sufficient to change the outcome. Because the scope of the West Pilots' discovery request is so overly broad, it is not even possible to say whether it seeks communications relating to litigation or past or future action. *Garner* would not require that the motion be granted.

**B. Waiver of Privilege**

The West Pilots next contend that USAPA waived its attorney–client privilege by publishing an opinion letter from its counsel. The letter was a response to communications from the pilots' union. It presented legal arguments in favor of establishing a date-of-hire seniority policy by majority vote. To be sure, USAPA did waive its attorney–client privilege as to the contents of this letter, but the waiver goes no further. Privileged communications related to the letter are not discoverable because the disclosure of this letter does not render other assertions of privilege unfair to the West Pilots. *See Weil*, 647 F.2d at 25.

In some cases, a partial disclosure of privileged communications does work to the other party's detriment. The classic example occurs where a party asserts an advice-of-counsel defense, offering a legal opinion letter as evidence of good faith. "When such a defense is raised, the pleader puts the nature of its lawyer's advice squarely in issue, and, thus, communications embodying the subject matter of the advice typically lose protection." *In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.),* 348 F.3d 16, 24 (1st Cir. 2003); *accord Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162-63 (9th Cir. 1992); *Sedillos v. Board of Educ. of School Dist. No. 1 in City and County of Denver*, 313 F. Supp. 2d 1091, 1093 (D. Colo. 2004). Another example occurs where the partial disclosure of attorney–client communications is calculated to conceal other relevant information. *See U.S. v. Jones*, 696 F.2d 1069, 1072-73 (4th Cir. 1982); *Tracinda Corp. v. DaimlerChrysler, AG*, 362 F. Supp. 2d 487, 513 (D. Del. 2005).

Neither of these situations is present, and the West Pilots have articulated no other unfairness arising from USAPA's disclosure. While USAPA's state of mind may prove

relevant to the fair representation claim, the parties have presented no authority (and the Court is aware of none) that permits an advice-of-counsel defense to such an action. USAPA represents that it has not put this opinion letter at issue in this litigation, and the Court understands that USAPA will not introduce the letter as evidence for any purpose. Additionally, the opinion letter was disclosed in its complete form; the disclosure is not calculated to conceal other facts. The letter contains virtually nothing but legal analysis of the date-of-hire seniority proposal—arguments very similar to those that USAPA has already presented in briefs to this Court. There is no mystery to the fact that USAPA supports its own seniority plan. That support is precisely what motivated the West Pilots to file suit. The disclosure of this opinion does not threaten to lead them astray or work any other prejudice.

**C. Rule 37 Fees**

Counsel for USAPA alludes to the standard for good faith argument under Fed. R. Civ. P. 11 and then properly invokes Rule 37, which requires this court to award expenses and attorney's fees when a motion to compel is denied. The Court makes no such award because it finds that the Plaintiff's motion was substantially justified within the technical meaning of Rule 37.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Compel USAPA to Produce (doc. # 106) is denied.

IT IS FURTHER ORDERED that Defendant's Motion to Strike Plaintiffs' Motion to Compel (Doc. # 111) is denied as moot.

Dated: February 11, 2009.

Neil V. Wake
United States District Judge