**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Don Addington; John Bostic; Mark Burman; Afshin Iranpour; Roger Velez; Steve Wargocki,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>US Airline Pilots Association; US Airways, Inc.,<br><br>　　　　Defendants. | No. CV 08-1633-PHX-NVW<br>(consolidated)<br><br><br>**SCHEDULING ORDER** |
| Don Addington; John Bostic; Mark Burman; Afshin Iranpour; Roger Velez; Steve Wargocki, et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Steven Bradford; Paul Diorio; Robert Frear; Mark King; Douglas Mowery; John Stephan, et al.,<br><br>　　　　Defendants. | CV08-1728-PHX-NVW |

On March 6, 2009, a Scheduling Conference was held pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. The parties met before the conference in accordance with Rule 26(f) and prepared a Discovery Plan. On the basis of the Scheduling Conference and the Discovery Plan,

IT IS HEREBY ORDERED:

1. <u>Trial and Partial Bifurcation</u>.  As previously ordered, a bifurcated trial by jury will commence April 28, 2009.  This trial will be limited to the disputed liability facts relating to USAPA's alleged breach of its duty of fair representation.  This trial will exclude quantification and proof of individual causation regarding monetary recovery for lost wages, lost benefits, lost working conditions, and repayment of already-paid union dues and fees for individual Plaintiffs or class members, assuming the jury finds liability.  These issues will be deferred for further bench or jury proceedings as appropriate.  The trial beginning April 28, 2009, will encompass all other facts which might support liability, including, if relevant and without limitation, the history of the event, the campaign to oust ALPA, the formation and conduct of USAPA, the obligation to pay union dues and fees, and the nature of the injury to Plaintiffs, as well as evidence concerning USAPA's pending seniority proposal and any other facts relevant to the discharge of its duty.  As soon as the jury retires to deliberate, the Court will hear any additional appropriate evidence relating to the nature and appropriateness of the injunctive relief sought; the Court does not anticipate significant issues on this front.

2. <u>Deadline for Completion of Fact Discovery</u>. The Court defers setting the deadline for completing fact discovery, including all disclosure required under Rule 26(a)(3), pending further discussion of counsel and presentation of any agreement or disagreement for the Court to resolve.  Discovery on matters for which trial has been deferred under the foregoing paragraph need not be done until after the April 28, 2009 trial.

3. <u>Deadlines for Disclosure of Experts and Completion of Expert Discovery</u>. The Court defers setting the deadline for expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure pending further discussion of counsel and prompt presentation to the Court of any dispute relating to this issue.

4. <u>The Deadlines Are Real</u>. The parties are advised that the Court intends to enforce the deadlines set forth in this order, and they should plan their litigation activities

1  accordingly. The Court will not extend the case processing deadlines because the parties
2  wish to avoid litigation expense if and when they elect to pursue settlement efforts,
3  including a settlement conference before a magistrate judge.

4          5.      <u>Dismissal for Failure to Meet Deadlines of This Order or of the Rules.</u> The
5  parties are warned that failure to meet any of the deadlines in this order or in the Federal
6  Rules of Civil Procedure without substantial justification may result in sanctions,
7  including dismissal of the action or entry of default.

8          6.      <u>Requirement for Paper Courtesy Copies</u>. As the parties are already aware,
9  Pursuant to Section II.D.3 of the Electronic Case Filing Administrative Policies and
10 Procedures Manual, a paper courtesy copy of dispositive motions and responses and
11 replies thereto and any document exceeding 10 pages in length shall be either
12 post-marked and mailed directly to the judge or hand-delivered to the judge's mail box
13 located in the courthouse the next business day after the electronic filing. A copy of the
14 face page of the Notice of Electronic Filing shall be appended to the last page of the
15 courtesy copy. Courtesy copies of documents too large for stapling must be bound with a
16 metal prong fastener at the top center of the document or submitted in three-ring binders.
17 If courtesy copies are not delivered within three days of the file date, the court may strike
18 the pleading summarily for failure to follow court rules and this order.

19         DATED this 13th day of March, 2009.

                                        _____
                                            Neil V. Wake
                                        United States District Judge