**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Don Addington; John Bostic; Mark Burman; Afshin Iranpour; Roger Velez; Steve Wargocki,<br><br>Plaintiffs,<br><br>vs.<br><br>US Airline Pilots Association; US Airways, Inc.,<br><br>Defendants. | No. CV 08-1633-PHX-NVW<br>(consolidated)<br><br><br>**ORDER** |
| Don Addington; John Bostic; Mark Burman; Afshin Iranpour; Roger Velez; Steve Wargocki, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Steven Bradford; Paul Diorio; Robert Frear; Mark King; Douglas Mowery; John Stephan, et al.,<br><br>Defendants. | CV08-1728-PHX-NVW |

On February 20, 2009, the Court instructed both parties to file brief statements describing any dispositive or partially dispositive pretrial motions that they would seek leave to file. (Doc. ## 207, 211.) Both parties submitted their statements. (Doc. ## 215, 218.) Plaintiffs orally withdrew their request shortly thereafter (doc. # 227, at 23.), leaving only

Defendant USAPA's request (doc. # 215). This request will be denied without prejudice as to the presentation of any issues at trial.

The issues USAPA proposes to brief are not amenable to disposition at the summary judgment stage. First, USAPA claims that the case is not ripe, notwithstanding the Court's prior ruling to the contrary (doc. # 84). The case was held to be ripe because USAPA's delay in negotiating a new collective bargaining agreement allegedly caused "injury to the West Pilots in the form of ongoing furloughs and other detriments" that they would not have endured under the Nicolau Award. According to USAPA, Plaintiffs have now admitted that USAPA is actively pursuing negotiations toward a new collective bargaining agreement, albeit one which would still undermine the Nicolau Award. The extent to which USAPA has delayed negotiations or caused past, present, or future injury to Plaintiffs is deeply embedded with the liability-related fact issues proceeding to trial in April. Though ripeness may present a need for further analysis later on, a motion for summary judgment on this point is not in order.

The second issue USAPA proposes relates to the relative advantages and disadvantages of USAPA's seniority proposal as it reflects on the discharge of USAPA's duty of fair representation. This topic runs to the heart of Plaintiffs' claims: Is it permissible for USAPA to cast aside the Nicolau Award? Contrary to USAPA's contention, this question does not appear to be resolvable as a matter of law by looking at the purported ability of the East Pilot majority, prior to the formation of USAPA, to hold other negotiations hostage until the Nicolau Award was undone. The Nicolau Award may have created such a "logjam" prior to the formation of USAPA, but it is still likely possible to infer that USAPA did not break any such logjam in the interest of all US Airways pilots. This question and others like it will require evidence. Summary judgment is not a likely vehicle for their resolution.

Practical concerns undergird the Court's overall conclusion. Trial on the liability facts of this case will begin on April 28, 2009. The timely briefing and disposition of any motion for summary judgment would present great a practical difficulty for all concerned. At the

1  same time, as this Court has already instructed, USAPA is welcome to file a Motion to
2  Dismiss under Fed. R. Civ. P. 12(c) respecting Plaintiffs' claim for monetary damages
3  relating to union dues and fees.

4      IT IS THEREFORE ORDERED that Defendant USAPA's Request for Leave to File
5  Summary Judgment Motions (doc. # 215) is denied.

6      IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to File Dispositive
7  Motion (doc. # 218) is denied as moot.

8      IT IS FURTHER ORDERED that Defendants may file a Rule 12(c) motion
9  concerning the availability of union fees recovery or suspension by March 20, 2009. A
10 Response may be filed by April 3, 2009, and a reply by April 10, 2009.

11     DATED this 13th day of March, 2009.

_____
Neil V. Wake
United States District Judge