**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Don Addington; John Bostic; Mark Burman; Afshin Iranpour; Roger Velez; Steve Wargocki,<br><br>Plaintiffs,<br><br>vs.<br><br>US Airline Pilots Association; US Airways, Inc.,<br><br>Defendants. | No. CV 08-1633-PHX-NVW (consolidated)<br><br>**ORDER**–AMENDED (to correct page 4 to reflect that <u>Defendant's</u> Motion is denied) |
| Don Addington; John Bostic; Mark Burman; Afshin Iranpour; Roger Velez; Steve Wargocki, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Steven Bradford; Paul Diorio; Robert Frear; Mark King; Douglas Mowery; John Stephan, et al.,<br><br>Defendants. | CV08-1728-PHX-NVW |

Plaintiffs, several pilots employed by US Airways, Inc. ("US Airways"), brought this suit against USAPA alleging that USAPA breached its duty of fair representation. They also claimed that US Airways breached a collective bargaining agreement and the duty to negotiate in good faith. On March 3, 2009, this Court set trial on the liability facts of this case to commence on April 28, 2009. (Doc. # 224.)  Defendant US Airline Pilots

Association ("USAPA") now moves for reconsideration of that trial date on the grounds that it encroaches on the jurisdiction of the System Board of Adjustment and will prejudice USAPA. (Doc. # 231.) Because the trial date does not pose jurisdictional problems or threaten prejudice to USAPA, the motion will be denied.

## I. Jurisdictional Challenge

There is no jurisdictional conflict with the System Board of Adjustment which is concurrently adjudicating Plaintiffs' contractual claims against US Airways. Though Plaintiffs' complaint sought to tie USAPA and US Airways together, in reality the fair representation claim against USAPA is analytically distinct. This claim arises out of USAPA's own duties and USAPA's own conduct; it does not depend on the breach or non-breach of any agreement by US Airways. USAPA cites no authority for the proposition that trial must be deferred until related but independent administrative proceedings conclude.

Indeed, USAPA disregards prior orders of this Court by arguing that the System Board of Adjustment will adjudicate the fair representation claim. Plaintiffs were allowed to proceed against USAPA on the theory that "the East Pilots have manipulated union procedures for their sole benefit," forming a union "whose constituted purpose was to impose a date-of-hire scheme on the minority membership in disregard of an arbitrated compromise both sides agreed to and deemed fair in advance" and which "followed through on that aim without any corresponding benefit to the pilots as a whole." (Doc. # 84, at 11.) US Airways' actions may be relevant to USAPA's intent and the effect of its conduct, but any legal conclusion that US Airways breached a contract is by no means determinative of the fair representation issue. From a pragmatic and legal standpoint, there is no jurisdictional conflict.

## II. Prejudice to USAPA

USAPA's contention that the April 28 trial date will be prejudicial conflicts with the procedural history of this case. Plaintiffs filed their fair representation claim against USAPA in September 2008. Trial was initially set for February 2009 (doc. # 85), but that date was continued on January 5 after Plaintiffs amended their pleadings to include class

- 2 -

allegations (doc. # 130).  Defendants were given an additional extension of time to complete class discovery and briefing.  (Doc. # 155.)  When that briefing concluded, the Court indicated that a class would be certified and set a jury trial to commence on April 28, 2009.  (Doc. # 224.)  This jury trial will only address the liability facts underlying Plaintiffs' class action.  An additional bench trial will adjudicate any injunction-specific facts shortly thereafter, and any monetary relief owing to the named plaintiffs and/or the class could be dealt with in subsequent proceedings.

The foreshortened timetable of this case will not result in "actual and substantial prejudice" to USAPA.  *Martel v. County of L.A.*, 56 F.3d 993, 995 (9th Cir. 1995).  USAPA is the party with direct access to the primary evidence in this case: East Pilot testimony and documentary evidence concerning USAPA's formation, actions, and agenda.  Plaintiffs do not protest the trial date even though the bulk of relevant information presumably exists under USAPA's control.  Counsel for USAPA admits that the parties have in place a factual stipulation that is "pretty comprehensive."  (Doc. # 211, at 38.)  USAPA points to no affirmative defense subjecting it to a significant burden of proof; its main defenses have already been rejected at the dismissal stage. (Doc. # 84.)  USAPA complains that it has taken only one deposition dedicated to the merits of the dispute, though it apparently used its extended (and largely profitless) period of certification-related discovery to question Plaintiffs on the merits.  Regardless, ample time remains for the completion of additional depositions, and Plaintiffs' counsel has represented to the Court that all witnesses currently demanded by USAPA will be produced in a timely fashion.  What USAPA characterizes as a history of discovery abuse by Plaintiffs amounts to routine disagreements over the scope of discovery and USAPA's distrust of Plaintiffs' representations regarding the non-existence of certain documents. (*See* doc. ## 185, 207, 211, 227.) The Court is prepared to address any new discovery disputes expeditiously under its own established procedures.  (Doc. # 203.)

USAPA will not be prejudiced by the Court's offhand February 20 remark that trial might take place in June or July.  The April date was fixed a mere ten days later, on

- 3 -

1 March 3. (Doc. # 224.) If USAPA elected to pursue unnecessary briefing during that
2 time, it was on notice that the court was hesitant to delay the case, particularly regarding
3 ripeness contentions that were already disposed of. (Doc. # 211, at 32, 39-40.) Contrary
4 to USAPA's claim, the need to formulate jury instructions poses no obstacle to an April
5 trial. Mr. Brengle, USAPA's trial counsel who was admitted pro hac vice in January
6 2009, attests that his work schedule will not permit him to conduct a trial in April, but the
7 convenience of counsel cannot outweigh the needs of the litigants and the Court's trial
8 calendar. Neither party indicates that settlement is a realistic possibility in this injunction
9 case, so the asserted danger of a "blackmail settlement" seems nonexistent.

10 From the beginning, the Court has advised the parties of the great time urgency in
11 this matter. It holds profound importance for all parties concerned. USAPA has an
12 interest in removing the cloud of doubt surrounding its bargaining position. The Plaintiffs
13 and the class members have an interest in the adjudication of their complaints and injuries
14 arising out of the union's alleged wrongs. And this four-year-old dispute within the union
15 obstructs the operations of a major airline in a troubled economy. As much as the
16 circumstances of this case make it the Court's responsibility to effect a speedy resolution,
17 an expedited discovery schedule is both feasible and appropriate. *See* Fed. R. Civ. P.
18 26(b)(2)(C).

19 IT IS THEREFORE ORDERED that Defendant's Motion for Reconsideration of
20 Order Setting Trial Date (doc. # 231) is denied.

21 DATED this 19th day of March, 2009.

_____
Neil V. Wake
United States District Judge