**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Don Addington; John Bostic; Mark Burman; Afshin Iranpour; Roger Velez; Steve Wargocki,<br><br>  Plaintiffs,<br><br>vs.<br><br>US Airline Pilots Association; US Airways, Inc.,<br><br>  Defendants. | No. CV 08-1633-PHX-NVW<br>(consolidated)<br><br>**ORDER** |
| Don Addington; John Bostic; Mark Burman; Afshin Iranpour; Roger Velez; Steve Wargocki, et al.,<br><br>  Plaintiffs,<br><br>vs.<br><br>Steven Bradford; Paul Diorio; Robert Frear; Mark King; Douglas Mowery; John Stephan, et al.,<br><br>  Defendants. | CV08-1728-PHX-NVW |

Plaintiffs seek class-wide relief against Defendant USAPA, alleging that USAPA breached its duty of fair representation. In their motion for class certification, Plaintiffs indicated that they sought class-wide relief in the form of a refund of union agency fees and membership dues, as well as a vacatur of such fees and dues obligations. (Doc. # 120.) The Court granted Plaintiffs' motion to certify the class but reserved judgment on the validity of

1 this theory of relief. (Doc. # 248.) Defendant USAPA now moves for judgment on the
2 pleadings as to these dues and fees claims. (Doc. # 272.) (USAPA titled its motion a Motion
3 to Dismiss, but it is treated as a Motion for Judgment on the Pleadings under Fed. R. Civ. P.
4 12(c) because it was filed after the Answer.) In considering a motion for judgment on the
5 pleadings, the Court accepts the allegations in the Complaint as true. *Westlands Water Dist.*
6 *v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993). The motion will be granted because
7 the remedies claimed are prohibited as punitive in this case.

8 Plaintiffs cite no case in which a court has awarded restitution of dues and fees for a
9 union's breach of the duty of fair representation as such. Broader principles of settled law
10 preclude the extension of this remedy to the case at bar. "To remedy a breach of the duty of
11 fair representation, a court must issue an award 'fashioned to make the injured employee
12 whole.' The court may order an injunction compelling the union, if it is still able, to pursue
13 the employee's claim, and may require monetary compensation, but it cannot award
14 exemplary or punitive damages." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*,
15 494 U.S. 558, 587 (1990) (quoting *Elec. Workers v. Foust*, 442 U.S. 42, 49 (1979)) (internal
16 citations omitted). Restitution of fees and dues in this case goes beyond any make-whole
17 remedy that the alleged harm requires.

18 To be sure, a refund of union dues may be appropriate and consistent with these
19 principles when the very collection or expenditure of dues is unlawful. *See, e.g.*, *Morrison-*
20 *Knudsen Co. v. NLRB*, 276 F.2d 63, 74 (9th Cir. 1960) (noting that dues payments coerced
21 by unlawful threats may be refundable under the NLRA). The two cases Plaintiffs cite in
22 support of their theory involve certain wrongful expenditures unrelated to collective
23 bargaining and labor disputes. In *Int'l Ass'n of Machinists v. Street*, a refund was allowed
24 because the union had spent exacted funds for political purposes over the objection of an
25 employee. 367 U.S. 740, 767-75 (1961). The offending conduct in that case was the
26 collection and use of dues money for improper purposes; restitution therefore presented a
27 proportionate means of redress. *See id.* at 775. In the second case, the Ninth Circuit applied
28 *Street* in this spirit, holding that a union member with complaints about political expenditures

1 may not unilaterally reduce or stop dues payments but should seek judicial relief tailored to
2 the political expenditures themselves. *See Dean v. Trans World Airlines, Inc.*, 708 F.2d 486,
3 488 (9th Cir. 1983).

4       Plaintiffs, however, allege no wrongful collection or expenditure here. Plaintiffs
5 allege an independent failure to represent fairly that adversely affects their wages, benefits,
6 and working conditions. Their claim is not bound up with or confined by union dues and
7 fees. Whatever compensable damages may be attributable to the union's actions and
8 recoverable on that basis, the union's alleged failure is not remedied by the suspension or
9 disgorgement of its regular funding. And it is nothing short of punitive to extract monetary
10 relief from the union beyond whatever compensatory damages may be provable at trial.
11 "Such awards could deplete union treasuries, thereby impairing the effectiveness of unions
12 as collective-bargaining agents. Inflicting this risk on employees, whose welfare depends
13 upon the strength of their union, is simply too great a price for whatever deterrent effect
14 punitive damages may have." *Int'l Broth. of Elec. Workers v. Foust*, 442 U.S. 42, 50-51
15 (1979). This rule supplants the general common law principles Plaintiffs invoke concerning
16 fiduciary remedies.

17       There is no basis for relief relating to Plaintiffs' union dues and fees, whether already
18 paid or payable in the future.

19       IT IS THEREFORE ORDERED that Defendants' Motion for Judgment on the
20 Pleadings as to Plaintiffs' Dues Restitution Claim (doc. # 272) is granted. Plaintiffs' claims
21 for monetary and injunctive relief relating to past and future payments of union dues and fees
22 are dismissed with prejudice.

23       DATED this 26th day of March, 2009.

_____
Neil V. Wake
United States District Judge