**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Don Addington; John Bostic; Mark Burman; Afshin Iranpour; Roger Velez; Steve Wargocki,<br><br>Plaintiffs,<br><br>vs.<br><br>US Airline Pilots Association; US Airways, Inc.,<br><br>Defendants. | No. CV 08-1633-PHX-NVW (consolidated)<br><br>**ORDER** |
| Don Addington; John Bostic; Mark Burman; Afshin Iranpour; Roger Velez; Steve Wargocki, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Steven Bradford; Paul Diorio; Robert Frear; Mark King; Douglas Mowery; John Stephan, et al.,<br><br>Defendants. | CV08-1728-PHX-NVW |

Defendant USAPA has petitioned the U.S. Court of Appeals for the Ninth Circuit to permit an interlocutory appeal of this Court's order granting class certification under Rule 23(b)(2) (doc. # 248). USAPA now moves in this Court for a stay of the April 28, 2009 trial in furtherance of that petition. Though the Court of Appeals has not yet permitted an appeal under Fed. R. Civ. P. 23(f), this Court will rule on the motion now to prevent distraction from

1  the work of preparing for trial.  The motion will be denied because a stay would pose grave
2  harm to the interests of the litigants and the public.

3        The decision whether to issue a stay pending appeal depends upon four factors: "(1)
4  whether the stay applicant has made a strong showing that he is likely to succeed on the
5  merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether
6  issuance of the stay will substantially injure the other parties interested in the proceedings;
7  and (4) where the public interest lies." *Sporrans Inc. v. Celiac*, 526 F.3d 406, 408 (9th Cir.
8  2008).  None of these factors supports the grant of a stay in this case.

### I. Irreparable Injury to USAPA

10        As a practical matter, the certification order itself threatens no irreparable injury to
11  USAPA.  The trial now set for April 28, 2009, is the same trial that would have occurred if
12  no class had been certified.  The liability and injunctive remedy issues set for trial must be
13  decided as to the named plaintiffs. The trial will also address USAPA's ripeness contentions,
14  which arise out of obvious factual disputes.  If the Court of Appeals permits an appeal and
15  reverses the class certification, it would not change the issues at trial or the scope of relief
16  except to limit USAPA's own privilege of res judicata in the event of a defense verdict.
17  USAPA never addresses this circumstance.

18        Even though this Court deferred any proceedings on quantification of the claims for
19  return or suspension of union dues or fees, this Court has now granted Defendant USAPA's
20  Rule 12(c) motion for judgment on the pleadings on that claim.  Such a trial on
21  individualized class-member issues need not take place.  At the conclusion of the upcoming
22  trial, a judgment on that claim will be entered in USAPA's favor against the Plaintiffs and
23  the plaintiff class.

24        Thus, if there were any error in the class certification, it is utterly without consequence
25  for the April 28, 2009 trial.  A stay of the trial cannot serve any purpose of remedying an
26  erroneous class certification order.

**II.     Likelihood of Success on the Merits**

This is a paradigm of a proper injunction class, with vigorous class representatives and capable class counsel. Indeed, the injunctive relief necessary for the named plaintiffs alone amounts to class relief, thus probably making this a proper Rule 23(b)(1) class as well. USAPA identifies no true jurisdictional conflict with administrative proceedings involving US Airways, as explained in prior orders. Plaintiffs were allowed to proceed on a general theory of fair representation that is not tied to the contractual duties of US Airways currently before the administrative board. (Doc. ## 84(20-21), 250.) Nor is it appropriate to address in this context USAPA's claim that its constitution poses a conflict between the jurisdiction of the Court and the jurisdiction of the National Mediation Board. This specific issue was not raised in USAPA's Rule 12(b)(1) motion (*see* Doc. # 36(15-16)) and is first suggested in the stay motion itself. Assuming this delayed issue may properly be considered, it can be addressed with an opportunity to develop facts and without prejudicial postponement of trial. Any question of the propriety of including individualized monetary relief in this Rule 23(b)(2) injunction class is now mooted by USAPA's entire victory on the issue of refunding dues and fees.

**III.    Injury to Other Parties**

Further delay in deciding this case on its merits would visit great harm on the Plaintiff class and their employer, US Airways. A stay will effectively foreclose the possibility of a timely resolution of this case, a case where effective relief depends upon timing. US Airways is in the process of furloughing Plaintiffs and West Pilot class members. According to the allegations, USAPA has improperly caused this harm by breaching its duty of fair representation. USAPA is said to have cast aside its obligation to West Pilot interests by refusing to bargain toward the adoption of a new collective bargaining agreement that would result in integrated operations under the Nicolau Award. As long as no new collective bargaining agreement is adopted, separate operations persist and the West Pilots lack the job security and other career benefits they would enjoy under the Nicolau Award. If USAPA follows through on its allegedly wrongful promises, the West Pilots are said to face the

permanent deprivation of wages, benefits, and working conditions. A stay would expose the Plaintiffs to these continuing harms while giving USAPA only the benefit of illegitimate delay.

### IV. The Public Interest

For similar reasons, a stay would offend rather than serve the public interest. This unresolved dispute stands in the way of the integrated operations of a major national airline in a troubled economy. There is a broader public interest in relieving US Airways of this toxic dispute, however it is resolved.

A narrower but still pressing public interest also weighs against a stay. After seven months of extensive litigation, this injunction case is now only four weeks from a trial that will yield a complete record for plenary review by the Court of Appeals. This Court has expended substantial resources to ensure that this time-urgent case is disposed of expeditiously, even as it granted USAPA additional time to conduct briefing and discovery. There is little prospect of finding another window in the Court's trial calendar before October or November. The parties and the Court are in the midst of final trial preparation. To stop now would squander these efforts.

IT IS THEREFORE ORDERED that Defendant USAPA's motion for stay pending appeal (doc. # 260) is denied.

DATED this March 25, 2009.

_____
Neil V. Wake
United States District Judge