**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Don Addington; John Bostic; Mark Burman; Afshin Iranpour; Roger Velez; Steve Wargocki,<br><br>   Plaintiffs,<br>vs.<br><br>US Airline Pilots Association; US Airways, Inc.,<br><br>   Defendants.<br>_____<br>Don Addington; John Bostic; Mark Burman; Afshin Iranpour; Roger Velez; Steve Wargocki, et al.,<br><br>   Plaintiffs,<br>vs.<br><br>Steven Bradford; Paul Diorio; Robert Frear; Mark King; Douglas Mowery; John Stephan, et al.,<br><br>   Defendants. | No. CV 08-1633-PHX-NVW<br>(consolidated)<br><br>**ORDER**<br><br><br><br><br><br><br>CV08-1728-PHX-NVW |

Before the Court is Plaintiffs' Emergency Motion for Leave to Conduct Discovery Related to the Damages Phase (doc. #469) and Defendant USAPA's Response (doc. # 470). In a previous Order of this court, trial in this case was bifurcated into two phases. (Doc. # 224.) The first phase dealt exclusively with the issue of liability and the propriety of injunctive relief. In that phase, a jury found liability and the issue of injunctive relief, tried to the bench, has been taken under advisement. The second phase relates to the causation

1  and quantification of any monetary damages owed to Plaintiffs. Trial in this second phase
2  has not yet taken place. The purpose of bifurcation was to expedite discovery, trial, and
3  appellate review on the fundamental question whether USAPA breached its duty of fair
4  representation. For this reason, the Court ordered as follows with respect to scheduling:
5  "Discovery on matters for which trial has been deferred under the foregoing paragraph need
6  not be done until after the April 28, 2009 trial." (Doc. # 252.)

7  Plaintiff now moves for leave to conduct discovery relating to the damages phase of
8  the case. Under the previous order of this Court, no such leave is necessary; discovery may
9  commence immediately. That order was not altered by a subsequent order for accelerated
10 briefing on Defendant USAPA's motion for summary judgment, made to accommodate the
11 damages trial date scheduled for the week of August 10 or August 18, 2009. (Doc. # 454.)
12 Plaintiffs' motion will therefore be denied.

13 The Court notes Defendant USAPA's erroneous claim that the inception of discovery
14 is restricted by Fed. R. Civ. P. 56(f). This argument misapprehends the form and function
15 of the rule. Rule 56(f) allows a party opposing a motion for summary judgment to assert, via
16 affidavit, that further factual discovery is necessary to oppose the motion. It does not restrict
17 the progress of discovery prior to or during the summary judgment briefing schedule.

18 The Court will now order the parties to submit a proposed discovery plan.

19 IT IS THEREFORE ORDERED that Plaintiffs' Emergency Motion for Leave to
20 Conduct Discovery Related to the Damages Phase (doc. # 469) is denied as unnecessary.

21 IT IS FURTHER ORDERED that counsel on both sides confer forthwith and submit
22 to the Court a joint proposed discovery plan relating to the damages phase of the case on or
23 before May 26, 2009. If counsel are unable to agree on a joint proposed discovery plan,
24 counsel shall submit separate proposals on or before May 26, 2009.

25 DATED this 19th day of May, 2009.

_____
Neil V. Wake
United States District Judge