**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Don Addington; John Bostic; Mark Burman; Afshin Iranpour; Roger Velez; Steve Wargocki,<br><br>Plaintiffs,<br><br>vs.<br><br>US Airline Pilots Association; US Airways, Inc.,<br><br>Defendants. | No. CV 08-1633-PHX-NVW (consolidated)<br><br>**ORDER** |
| Don Addington; John Bostic; Mark Burman; Afshin Iranpour; Roger Velez; Steve Wargocki, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Steven Bradford; Paul Diorio; Robert Frear; Mark King; Douglas Mowery; John Stephan, et al.,<br><br>Defendants. | CV08-1728-PHX-NVW |

USAPA now moves for a stay of this Court's injunction pending appeal. [Doc. # 596.] The injunction itself and the facts and circumstances that gave rise to it have already been described in previous orders. [Doc. ## 593, 594.] As more fully set forth below, USAPA's

motion for a stay will be denied. The issues and hardships in the case do not warrant a stay of relief.

**I.     Legal Standard**

A stay pending appeal under Federal Rule of Civil Procedure 62(c) is an extraordinary remedy that should be granted sparingly. *Adams v. Walter*, 488 F.2d 1064, 1065 (7th Cir. 1973); *United States v. Texas*, 523 F. Supp. 703, 729 (E.D. Tex. 1981) ("Since such an action interrupts the ordinary process of judicial review and postpones relief for the prevailing party at trial, the stay of an equitable order is an extraordinary device which should be sparingly granted.").

Four factors must be considered on Rule 62(c) motions: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Alaska Conservation Council v. U.S. Army Corps of Eng'rs*, 472 F.3d 1097, 1100 (9th Cir. 2006) ("[T]he moving party [must] demonstrate 'either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'").

"The requirement of a 'strong showing' of likelihood of success on the merits is more stringent than the 'reasonable probability' standard that is applicable to an application for a preliminary injunction." *Davis v. Meyers*, 101 F.R.D. 67, 69 (D. Nev. 1984) (citing *Bayless v. Martine*, 430 F.2d 873, 879 (5th Cir. 1970)). It is sometimes said that the "success on the merits factor cannot be rigidly applied," and that "district courts properly 'stay their own orders when they have ruled on an admittedly difficult legal question.'" *Pac. Merch. Shipping Ass'n v. Cackette*, No. Civ. S-06-2791, 2007 U.S. Dist. LEXIS 76933 at *6, 2007 WL 2914961 at *2 (E.D. Cal. Oct. 5, 2007) (citations omitted). "However, the *Hilton* test is only to be reformulated in this manner when the movant has made a strong showing as to the other three *Hilton* factors." *Digital Commc'ns. Network, Inc. v. AB Cellular Holding LLC*,

No. 99-5418, 1999 U.S. Dist. LEXIS 15107 at *18, 1999 WL 1044234 at *6 (C.D. Cal. Aug. 19, 1999) ("Because Plaintiffs have not made a strong showing as to the other three *Hilton* factors, the Court declines to give the Plaintiffs a 'break' on the question of strong likelihood of success on the merits.") (citations omitted).

**II. Analysis**

**A. Likelihood of Success on the Merits**

USAPA has not made a strong showing of likely success on the merits. This Court based its jury instructions and equitable judgment upon an established and essentially harmonious line of fair representation liability cases spanning several circuits, including this one. [Doc. # 593.] Similarly, USAPA's jurisdictional challenges have clashed with the express holdings of published federal appellate decisions. [Doc. # 593, at 35-42.] This is not an instance where this Court was forced to choose between two lines of irreconcilable precedent, or where courts have expressed doubt about the continuing viability of existing precedent. The court of appeals remains free to revisit its own analysis and to disagree with the analysis of other lower courts, including this one, but that freedom does not connote a likelihood of success for USAPA.

**B. Hardship to Parties**

USAPA has failed to show that any hardship would result to it from enforcing the injunction during the appeal. The main purposes of the injunction are to prevent USAPA from negotiating a collective bargaining agreement ("CBA") that does not include the Nicolau Award, and to prevent USAPA from negotiating separate CBAs for the two pilot groups. USAPA failed at trial to show any legitimate connection between the negotiation of seniority rights and the negotiation of other economic terms for the pilot groups as a whole. US Airways has already agreed to accept the Nicolau Award and shows no opposition to it. Rather than imposing any hardship, the injunction allows USAPA to devote its energies to the open terms of the collective bargaining negotiation, free from the distraction of the seniority dispute while the appeal is pending.

USAPA suggests that the case could be mooted if it assents to a collective bargaining agreement that incorporates the Nicolau Award, "vitiating USAPA's ability to vindicate its rights under the Railway Labor Act." This argument rings hollow. Negotiations are proceeding very slowly, and they are far from complete. Significant economic disagreements will need to be resolved. US Airways has indicated to USAPA that it is waiting for the appellate decision to be rendered. [Doc. # 607 at 13.] The Ninth Circuit has granted USAPA's unopposed request to expedite consideration of the appeal. For these reasons, both parties agree that the CBA negotiations will most probably take longer than the appeal. The injunction itself does not mandate otherwise, and the Court does not contemplate enforcing it in a manner that would compel another result.

Thus, it is not the enforcement of the injunction that obstructs bargaining, but rather the existence of this lawsuit and the pendency of the appeal. To stay the injunction and allow USAPA to abandon the Nicolau Award as its bargaining position would not hasten negotiations by any means. It would only enable USAPA to engage in the very activity that this Court has ruled unlawful: negotiating for a seniority list other than the Nicolau Award, and negotiating for separate CBAs for the two pilot groups.

In the same way, a stay of the injunction would impose a hardship on the Plaintiff West Pilots. While the appeal is pending, the standing judgment of the Court is that USAPA deprives the West Pilots of fair representation when it adopts, promotes, and negotiates a seniority proposal other than the Nicolau Award for no legitimate purpose, only to discriminate between the two pilot groups. To stay the injunction would allow USAPA to persist in this abuse of its representational function and resources.

### C. The Public Interest

The public interest does not militate in favor of a stay of the injunction. As already explained, a stay of the injunction will not quicken CBA negotiations. This lawsuit affects the operations of a major airline in a troubled national economy, but the relief USAPA seeks would have no impact on that circumstance.

### D. Serious Questions Going to the Merits

The merits of this case present significant questions. Some of them touch on core issues of federal labor policy, including the power of a union to resolve internal disputes by a binding neutral procedure even when the outcome is unpopular. Nonetheless, the seriousness of these issues does not justify a stay. The balance of hardships does not tip in favor of USAPA, sharply or otherwise. *See Golden Gate Restaurant Ass'n v. City of San Francisco*, 512 F.3d 1112, 1116 (9th Cir. 2008).

IT IS THEREFORE ORDERED THAT Defendant USAPA's Motion to Suspend and Stay Permanent Injunction [doc. # 596] is denied.

DATED this 27th day of August, 2009.

_____
Neil V. Wake
United States District Judge