1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Don Addington; John Bostic; Mark Burman; Afshin Iranpour; Roger Velez; Steve Wargocki,<br><br>Plaintiffs,<br><br>vs.<br><br>US Airline Pilots Association; US Airways, Inc.,<br><br>Defendants. | No. CV 08-1633-PHX-NVW (consolidated)<br><br>**ORDER** |
| Don Addington; John Bostic; Mark Burman; Afshin Iranpour; Roger Velez; Steve Wargocki, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Steven Bradford; Paul Diorio; Robert Frear; Mark King; Douglas Mowery; John Stephan, et al.,<br><br>Defendants. | CV08-1728-PHX-NVW |

Before the Court is Defendant's Motion to Change Venue and Transfer to Another District, Pursuant to 28 U.S.C. § 1404 (doc. # 622). Defendant US Airline Pilots Association ("USAPA") seeks to have this case transferred to the United States District Court for the District of Columbia.

**I.      Legal Standard**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) places discretion in the district courts "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988). *Forum non conveniens* considerations, such as balancing the preference accorded the plaintiff's choice of forum with the defendant's burden of litigating in an inconvenient forum, are helpful in deciding a § 1404(a) motion. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). However, "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Id.*

The court must weigh multiple factors in its determination of convenience and fairness, and it may consider the following:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

**II.     Analysis**

This lawsuit involves the integration of pilot seniority lists upon the merger of US Airways and America West Airlines, now operating under the name "US Airways" with headquarters in Tempe, Arizona, and employing thousands of pilots residing in numerous states across the country. A jury found USAPA breached its duty of fair representation by abandoning an arbitrated seniority list in favor of a date-of-hire list solely to benefit one group of pilots at the expense of another. Plaintiffs seek injunctive relief and money damages.

- 2 -

Most of the *Jones* factors are not relevant and do not favor either forum.  This case raises federal questions and will be decided under federal law.  Neither side contends they have unwilling non-party witnesses who must be compelled to testify at trial.  Where agreements were negotiated and the parties' contacts with the forum have no bearing on the issues to be decided.  Whether the forum is Arizona or Washington, D.C., does not affect the ease of access to sources of proof.

The two relevant *Jones* factors, the plaintiff's choice of forum and the differences in the costs of litigation in the two forums, favor denying transfer.  All six Plaintiffs reside in the Phoenix area.  Plaintiffs are represented by a Phoenix law firm, and Plaintiffs' counsel all reside in Arizona.  USAPA, headquartered in Charlotte, N.C., estimates there are eighty to one hundred witnesses identified, many of whom reside closer to Washington, D.C., than to Phoenix, but few of whom actually reside in Washington, D.C.  Litigating in Washington, D.C., instead of Arizona, may somewhat decrease USAPA's or individual witnesses' costs, but would substantially increase Plaintiffs' costs and deny Plaintiffs their choice of forum.  Testimony of dispersed witnesses may be presented by deposition, if that is more convenient, regardless of the forum.

Finally, this litigation has proceeded in this forum for nearly a year and a half, including a lengthy jury trial on liability, numerous and extensive legal rulings, and great expenditure of judicial resources.  The waste of judicial resources from transfer to a different judge in another district late in the litigation disfavors transfer.  It would be a bad exercise of discretion and likely an abuse of discretion.

IT IS THEREFORE ORDERED that Defendant's Motion to Change Venue and Transfer to Another District, Pursuant to 28 U.S.C. § 1404 (doc. # 622) is denied.

DATED this 21st day of January, 2010.

_____
Neil V. Wake
United States District Judge