**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Don Addington; John Bostic; Mark Burman; Afshin Iranpour; Roger Velez; Steve Wargocki,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>US Airline Pilots Association; US Airways, Inc.,<br><br>　　　　Defendants. | No. CV-08-01633-PHX-NVW<br>(consolidated)<br><br>**ORDER** |
| Don Addington; John Bostic; Mark Burman; Afshin Iranpour; Roger Velez; Steve Wargocki, et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Steven Bradford; Paul Diorio; Robert Frear; Mark King; Douglas Mowery; John Stephan, et al.,<br><br>　　　　Defendants. | CV-08-01728-PHX-NVW |

　　　　Before the Court is Plaintiffs' Rule 60(b) Motion for Relief from the Judgment Dismissing for Lack of Ripeness (Doc. 645), the Response, and the Reply. The Court heard oral argument on the Motion on October 12, 2010.

## I. Background

On July 17, 2009, the Court ordered partial judgment and a permanent injunction in this matter. (Doc. 594.) The Court retained jurisdiction to enforce, modify, or dissolve the permanent injunction and jurisdiction to adjudicate the named Plaintiffs' unadjudicated claims for damages and any claims for attorney fees. (*Id.*) On July 23, 2009, USAPA filed a notice of appeal to the Court of Appeals for the Ninth Circuit from the partial judgment and permanent injunction, findings of fact and conclusions of law, and related orders. (Doc. 595.) On June 4, 2010, the Court of Appeals held that Plaintiffs' claim for breach of the duty of fair representation was not ripe and remanded the case with directions that the action be dismissed. (Doc. 647-1.) On August 6, 2010, Plaintiffs moved for relief under Fed. R. Civ. P. 60(b) from the judgment mandated by the Court of Appeals. (Doc. 645.) On August 10, 2010, the mandate from the Court of Appeals issued. (Doc. 647.) On August 13, 2010, pursuant to the mandate, the Court vacated the partial judgment and permanent injunction and ordered entry of judgment dismissing this action for lack of subject matter jurisdiction. (Doc. 650).

In their Rule 60(b) motion, Plaintiffs seek "relief from the judgment mandated by the Ninth Circuit, dismissing this case for lack of ripeness," because US Airways filed a declaratory action related to Plaintiffs' claims in this action. (Doc. 645.)

## II. Jurisdiction

Plaintiffs filed their Rule 60(b) motion after the Court of Appeals issued its opinion ordering remand of this action, but before the mandate issued. The filing of a notice of appeal generally divests the district court of subject matter jurisdiction over those aspects of the case involved in the appeal. *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997); *see also Gould v. Mutual Life Ins. Co.*, 790 F.2d 769, 772 (9th Cir. 1986). Although the general rule has exceptions, it seeks to avoid confusion and serve judicial economy:

> The rationale for this general rule is that it avoids the confusion and waste of time that might flow from putting the same issues before two courts at the same time. This general rule is thus a rule of judicial economy. It does

> not rest on a statute and should not be employed to defeat its purposes nor to induce needless paper shuffling.

*Stein*, 127 F.3d at 1189 (internal quotation marks and citations omitted).

For consideration of a Rule 60(b) motion during an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move the appellate court to remand the case. *Gould*, 790 F.2d at 772. However, once the appellate mandate has issued, the Ninth Circuit does not require leave of the appellate court for district court consideration of a Rule 60(b) motion. *Id.* at 773 (relying on *Standard Oil Co. v. United States*, 429 U.S. 17, 17, 97 S. Ct. 31, 31 (1976) (per curiam)). By deciding the motion after the mandate has issued, the Court is not acting outside of its jurisdiction to decide the Rule 60(b) motion without leave of the Court of Appeals.

## III. The Mandate Precludes the Rule 60(b) Relief Sought.

A district court must comply with a mandate from the Court of Appeals as to all matters expressly or impliedly decided by the appellate court:

> When a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court. Although this doctrine is not totally inflexible, this court has held that a mandate is controlling as to all matters within its compass, while leaving any issue not expressly or impliedly disposed of on appeal available for consideration by the trial court on remand.

*Firth v. United States*, 554 F.2d 990, 993-94 (9th Cir. 1977) (citations and footnote omitted). Further:

> When a case has been decided by this court on appeal and remanded to the District Court, every question which was before this court and disposed of by its decree is finally settled and determined. The District Court is bound by the decree and must carry it into execution according to the mandate. It cannot alter it, examine it except for purposes of execution, or give any further or other relief or review it for apparent error with respect to any question decided on appeal, and can only enter a judgment or decree in strict compliance with the opinion and mandate . . . (The District Court) is without power to do anything which is contrary to either the letter or spirit of the mandate construed in the light of the opinion of this court deciding the case.

*Id.* at 994 n.3 (quoting *Thornton v. Carter*, 109 F.2d 316, 319-20 (8th Cir. 1940)).

- 3 -

Plaintiffs' Rule 60(b) motion expressly asks the Court to vacate the judgment mandated by the Court of Appeals on the very issue disposed of by the Court of Appeals. The Court of Appeals held:

> We conclude that this case presents contingencies that could prevent effectuation of USAPA's proposal and the accompanying injury. . . . Because these contingencies make the claim speculative, the issues are not yet fit for judicial decision.
>
> We also conclude that withholding judicial consideration does not work a direct and immediate hardship on the West Pilots. . . . That the court cannot fashion a remedy that will alleviate Plaintiffs' harm suggests that the case is not ripe.
>
> . . . .
>
> Although we do not hold that a DFR claim based on a union's promotion of a policy is never ripe until that policy is effectuated, we conclude that, in this case, there is too much uncertainty standing in the way of effectuation of Plaintiffs' harm to warrant judicial intervention at this stage. . . .
>
> For the foregoing reasons, we hold that Plaintiffs' DFR claim is not ripe; therefore, the case is REMANDED to the district court with directions that the action be DISMISSED. No costs to either side.

(Doc. 647-1.) Vacating the order of dismissal based on ripeness would violate the unconditional mandate for dismissal for lack of ripeness.

Cases finding ripeness on appeal based on circumstances that occurred after the district court's initial decision do not apply here where the alleged change in circumstances occurred after the appellate decision, which ordered dismissal and left nothing to be decided by the district court. *See, e.g.*, *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 139-40, 95 S. Ct. 335, 356-57 (1974); *Assiniboine & Sioux Tribes v. Bd. of Oil & Gas Conservation*, 792 F.2d 782, 788 & n.3 (9th Cir. 1986). It is true that a court assesses ripeness based on the facts as they exist at the "present moment," *Western Radio Servs. Co. v. Qwest Corp.*, 530 F.3d 1186, 1205 (9th Cir. 2008). That principle applied to the ripeness decisions made in this action, and it would apply to any future action Plaintiffs may bring. But it does not empower the Court to revive an action that the Court of Appeals ordered to be dismissed.

- 4 -

This ruling requires no exegesis of the Court of Appeals' opinion for its precedential force, and this Court makes none. It is enough that this Court has been directed to dismiss this case for lack of ripeness.

IT IS ORDERED that Plaintiffs' Rule 60(b) Motion for Relief from the Judgment Dismissing for Lack of Ripeness (Doc. 645) is denied.

The Court has also reviewed Plaintiffs' Motion to File Supplemental Briefing (Doc. 659) and Defendant USAPA's response.

IT IS FURTHER ORDERED that Plaintiffs' Motion to File Supplemental Briefing (Doc. 659) is granted.

The Clerk shall file Plaintiffs' Lodged Supplemental Briefing on the Issue of Strict Compliance with Local Rules (Doc. 660).

DATED this 13th day of October, 2010.

_____
Neil V. Wake
United States District Judge